94 P.3d 981 (2004)
In re the DETENTION OF Charles SKINNER, Appellant.
No. 46683-6-I.
Court of Appeals of Washington, Division 1.
July 19, 2004.
*982 Dennis Paul Carroll, Leslie Jean Garrison, The Defender Association, Seattle, WA, for Appellant.
David J.W. Hackett, King County Pros. Office, Seattle, WA, for Respondent.

PUBLISHED IN PART
COX, C.J.
Charles Skinner appeals the order committing him as a sexually violent predator (SVP) and the order denying his motion to dismiss following a trial on less restrictive alternatives to confinement (LRAs). The State cross-appeals the order denying its motion for a judgment as a matter of law pursuant to former RCW 71.09.094 and other rulings of the trial court.
We hold in the published portion of this opinion that the provisions of former RCW 71.09.094 that permit a judgment as a matter of law on the issue of conditional release comply with due process and equal protection. Further, we conclude that the trial court erred in holding the LRA trial in contravention of the statutes, and that the verdict on this trial and the trial court's denial of the State's motion for judgment as a matter of law are void. We also hold that Skinner's challenges to the order of commitment in this case are not persuasive. Finally, respecting the remaining issues that the State raises in its cross appeal, we conclude there was no prejudicial error by the trial court. Accordingly, we affirm in part and reverse in part.
Skinner has been convicted repeatedly for committing sex offenses.[1] His most recent convictions were in 1987, when he pled guilty to one count of attempted first degree rape and one count of first degree rape. In November 1998, one day before his scheduled release from prison following service of the sentences on his most recent convictions, the State petitioned for his commitment under RCW 71.09 as an SVP. Following Skinner's waiver of his right to trial within the statutory term, the superior court set trial for January 2000.
Skinner moved pretrial for clarification of evidentiary issues. He noted that the definition *983 of "sexually violent predator" in former RCW 71.09.020(1),[2] which was in effect in 2000 during the trial of this matter, included the statement that an SVP was someone "likely to engage in predatory acts of sexual violence if not confined in a secure facility." Based on this definition, he argued that the statute required consideration by the fact-finder of LRAs at the commitment trial. The trial court held that the statutory definition did not permit consideration of LRAs at the commitment trial. The court also held that the equal protection clause of the constitution required that a trial regarding conditional release upon an LRA must immediately follow the commitment trial. Accordingly, the court bifurcated the trial into a commitment phase followed immediately by a conditional release phase. The same jury considered the evidence for the two phases of the bifurcated trial.
At the conclusion of the commitment phase, the jury found that Skinner was an SVP. However, at the conclusion of the conditional release phase, the jury found that the State had failed to meet its burden to prove beyond a reasonable doubt that "a less restrictive alternative is not in the best interests of Charles Skinner or will not adequately protect the community" and that Skinner was likely to reoffend if released to an LRA.
Skinner subsequently moved to dismiss based on the jury's finding that the State had failed to prove that an LRA was not in his best interests or would not adequately protect the community. He argued that this finding negated the finding that he was an SVP. The trial court denied the motion.
The State sought reconsideration of a prior ruling that former RCW 71.09.094 was unconstitutional. The State also moved for judgment as a matter of law based on that statute. The court denied these motions.
The court entered an order of commitment and directed the Department of Social and Health Services (DSHS) "to prepare a conditional release plan for Mr. Skinner which meets the criteria articulated in RCW 71.09.092." The court also ordered the Department of Corrections (DOC) "to investigate the less restrictive alternative proposed by the parties and DSHS and recommend any additional conditions to the court."
Skinner appeals the commitment order and the order denying his posttrial motion to dismiss on the basis of the jury verdict. The State cross-appeals, challenging the order for the second phase of trial, the order declaring former RCW 71.09.094(1) unconstitutional, the denial of its motion for judgment as a matter of law, and several evidentiary rulings.[3]
In October 2001, this court stayed a trial court hearing to evaluate a proposed LRA plan pending our decision on appeal. We ordered further stays pending the supreme court's decisions in In re Brooks[4] and In re Thorell.[5] The parties reargued this case following the last of these two state supreme court decisions.

JUDGMENT AS A MATTER OF LAW
The State argues that the trial court erred in deciding that the provisions of former RCW 71.09.094(1) providing for judgment as a matter of law unconstitutionally shift the burden of proof to an SVP to propose an LRA that meets the criteria set forth in RCW 71.09.092. We hold that the statute is not unconstitutional: the burden of proof remains with the State, notwithstanding the fact that the statutory procedure tests whether any triable issue remains for a jury to consider. Moreover, on this record, the trial court should have granted the State's motion.
Former RCW 71.09.094 states that:

*984 (1) Upon the conclusion of the evidence in a hearing held pursuant to RCW 71.09.090, if the court finds that there is no legally sufficient evidentiary basis for a reasonable jury to find that the conditions set forth in RCW 71.09.092 have been met, the court shall grant a motion by the State for a judgment as a matter of law on the issue of conditional release to a less restrictive alternative.[[6]]
The trial court held that former RCW 71.09.094(1) required the respondent to bear the burden of providing proof that he fulfills the requirements of RCW 71.09.092, and that this requirement shifted the burden of proof from the State. According to the court, such a shift violates due process and is therefore unconstitutional. We hold that this statute does not violate due process.
Statutes are presumed to be constitutional.[7] The party challenging the constitutionality of a statute bears the burden of proving beyond a reasonable doubt that the statute is unconstitutional.[8]
Former RCW 71.09.094(1) required the court to grant a motion for judgment as a matter of law in favor of the State on the issue of conditional release to an LRA if no legally sufficient evidentiary basis existed for a reasonable jury to find that the conditions set forth in RCW 71.09.092 are met. A court may not order conditional release unless these conditions are met:
(1) The person will be treated by a treatment provider who is qualified to provide such treatment in the State of Washington...; (2) the treatment provider has presented a specific course of treatment and has agreed to assume responsibility for such treatment and will report progress to the court on a regular basis, and will report violations immediately to the court, the prosecutor, the supervising community corrections officer, and the superintendent of the special commitment center; (3) housing exists that is sufficiently secure to protect the community, and the person or agency providing housing to the conditionally released person has agreed in writing to accept the person, to provide the level of security required by the court, and immediately to report to the court, the prosecutor, the supervising community corrections officer, and the superintendent of the special commitment center if the person leaves the housing to which he or she has been assigned without authorization; (4) the person is willing to comply with the treatment provider and all requirements imposed by the treatment provider and by the court; and (5) the person is willing to comply with supervision requirements imposed by the department of corrections.[[9]]
It is undisputed that two of these requirements, a treatment provider and a residence, were not met in this case as of the time of the State's motion.
Implicit in the wording of former RCW 71.09.094(1) is the requirement that the State bears the burden of proof on the issue that is the subject of a motion for a judgment as a matter of law. Likewise, the requirement that the burden of proof for such a motion is beyond a reasonable doubt is implicit in the statutory framework.
We reach these conclusions for two reasons. First, former RCW 71.09.094(2) expressly states that the State has the burden of proof before the jury at trial and that the burden of proof is beyond a reasonable doubt.[10] Second, our supreme court has held that the State bears the burden of proof in civil commitment hearings under the SVP statute, particularly in show cause hearings *985 under RCW 71.09.090(2).[11] There is no reason to expect that less rigorous criteria would apply to a motion for a judgment as a matter of law under former RCW 71.09.094(1), a motion that may avoid a trial on the mandatory statutory criteria.
The issue here is whether the burden of proof shifted away from the State and to Skinner when the former moved for a judgment as a matter of law based on the record then before the court. There was no such shift here.
Commentators have observed that the term "burden of proof" encompasses two separate burdens: that of producing evidence on a particular issue and that of persuading the trier of fact that a particular fact is true.[12] "The burden of producing evidence on an issue means the liability to an adverse ruling (generally a finding or directed verdict) if evidence on the issue has not been produced."[13] But the burden of persuasion does not shift from party to party during the trial because it concerns the ultimate decision.[14] The burden of production identifies issues of fact,[15] while the burden of persuasion defines the degree of certainty with which the fact finder must decide the issues.[16] A party must first meet its burden to produce satisfactory evidence before the court reaches the ultimate burden of persuasion.[17]
The statutory provisions that Skinner challenges are designed to test whether there is a legally sufficient evidentiary basis for a jury to find that the mandatory requirements of RCW 71.09.092 have been met. Under this statute, both the burden of producing evidence that Skinner failed to fulfill the mandatory statutory criteria and persuading the court of the truth of that proposition remained with the State. The fact that Skinner had the opportunity to bring forth evidence to attempt to defeat the State's motion did not shift the burden of proof away from the State. Rather, the motion tested whether the evidence then before the court, regardless of the source of that evidence, was legally sufficient for the question to go to the jury. Unquestionably, it was not. Two of the mandatory statutory criteria were missing at the time of the motion, as shown by the State.
There was no shifting of the burden of proof away from the State and no violation of due process.
Citing People v. Trainor[18] as supplemental authority, Skinner argues that former RCW 71.09.094(1) does not comport with due process. We disagree.
In Trainor, the court held that a summary judgment proceeding "would allow the State to circumvent the defendant's right to a jury trial"[19] because the defendant would not be able to present any evidence supporting his petition for release to the trier of fact. Under Illinois law, an SVP who applies for release has no right to appointment of an independent expert,[20] and a summary judgment hearing would preclude him from presenting evidence at a trial. In Washington, an SVP shall have the right to "have experts evaluate him or her on his or her behalf and the court shall appoint an expert if the person is indigent and requests an appointment."[21] And under Washington law, the *986 trial court may grant a motion for judgment as a matter of law only "[u]pon the conclusion of the evidence in a hearing held pursuant to RCW 71.09.090."[22] Thus, unlike Illinois, Washington law does not deprive an SVP of his due process rights to a hearing and to present evidence.
Skinner also argues that former RCW 71.09.094(1) violates equal protection. He claims that it requires the respondent to produce a currently available treatment and residence plan while under RCW 71. 05, the involuntary commitment act, the State is required to create an appropriate LRA even where none exists. We disagree with this contention.
Thorell[23] controls our resolution of this question. There, the supreme court stated that "[w]e use rational basis review to resolve equal protection claims involving the consideration of LRAs in SVP commitment proceedings."[24] The court reasoned that treatment issues for SVPs are different from those for individuals under RCW 71.05. Because there is more danger to society from SVPs, who are highly likely to reoffend, their treatment modalities and term of treatment are different. LRAs under RCW 71.05 do not consider the unique treatment issues or danger to society posed by SVPs, and the procedures and requirements for LRAs under RCW 71.09 achieve the State's legitimate objectives. These distinctions between the two separate statutory schemes support our conclusion that there is no equal protection violation here.
Skinner also argues that former RCW 71.09.094(1) unlawfully discriminates against indigent SVPs because RCW 71.05 does not require the individual to obtain a treatment provider and housing in advance. We disagree.
We first note that Skinner fails to point to any evidence in the record to support his claim that his inability to obtain a treatment provider or residence is based on indigency. We further note that equal protection analysis requires intermediate scrutiny when considering a claim that a law discriminates against the poor.[25] Under this standard, "the challenged law must be such as `may fairly be viewed as furthering a substantial interest of the State.'"[26]
Thorell establishes that this challenged law is to be fairly viewed as furthering a substantial State interest. The requirements of RCW 71.09.092 further the State's interest by assuring that necessary treatment will continue, and that the SVP has a confirmed residence that is safe both for the individual as well as the community.
Thus, even under the heightened level of scrutiny to be applied in the case of indigency, the treatment requirements and increased dangerousness of SVPs differ from those for individuals committed under RCW 71.05. For these reasons, we conclude there is no equal protection violation on the basis of indigency in this case.
In sum, Skinner fails in his burden to prove beyond a reasonable doubt that former RCW 71.09.094(1) is unconstitutional.
The State argues that the trial court erred in determining that equal protection considerations required an LRA trial immediately following the commitment trial. We agree.
The supreme court in Thorell stated that RCW 71.09 "restricts the court ... from ordering an LRA prior to a hearing under the annual LRA review provision, RCW 71.09.090, following initial commitment," and that "those who meet the statutory definition and are committed as SVPs are not entitled to consideration of LRAs until their first annual review."[27] A trial court's authority is limited to that found in the statute, and the court's failure to follow the statute renders *987 the court's action void.[28] Because RCW 71.09.090 is mandatory, the trial court was precluded from holding an LRA trial immediately following the commitment trial. Neither the LRA hearing nor the denial of the State's motion for judgment as a matter of law should have occurred. Both are incorrect.
We reverse the trial court's ruling determining that former RCW 71.09.094 is unconstitutional and conclude that the verdict on the LRA hearing is vacated. We otherwise affirm the trial court's decisions.
The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.
ELLINGTON, A.C.J. and APPELWICK, J., concur.
NOTES
[1] Skinner's criminal history began with two rapes during burglaries in 1971. Each time he has been released from incarceration, he has begun a pattern of burglary and rape or attempted rape. He committed burglaries at the homes of single women in 1979 and 1981 where he admitted he intended to or attempted to rape the victims.
[2] Former RCW 71.09.020(1) stated that "sexually violent predator" "means any person ... convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility."
[3] On appeal, the State moved to supplement its designation of clerk's papers. Because the additional material is irrelevant to our disposition of this case, we deny the motion.
[4] 145 Wash.2d 275, 36 P.3d 1034 (2001).
[5] 149 Wash.2d 724, 72 P.3d 708 (2003).
[6] (Emphasis added.)
[7] State v. Pauling, 149 Wash.2d 381, 386, 69 P.3d 331 (2003).
[8] In re Detention of C.W., 147 Wash.2d 259, 277, 53 P.3d 979 (2002).
[9] RCW 71.09.092.
[10] Whenever the issue of conditional release to a less restrictive alternative is submitted to the jury, the court shall instruct the jury to return a verdict in substantially the following form: Has the state proved beyond a reasonable doubt that the proposed less restrictive alternative is not in the best interests of respondent or will not adequately protect the community? Answer: Yes or No (emphasis added).
[11] Detention of Petersen v. State, 145 Wash.2d 789, 795, 42 P.3d 952 (2002).
[12] 2 Charles Tilford McCormick and John William Strong, McCormick on Evidence, § 336 (5th ed.1999).
[13] Id.
[14] Id.
[15] See In re Dependency of C.B., 61 Wash.App. 280, 282, 810 P.2d 518 (1991).
[16] See 2 Charles Tilford McCormick and John William Strong, McCormick on Evidence, § 336 (5th ed.1999).
[17] Id.
[18] 196 Ill.2d 318, 256 Ill.Dec. 813, 752 N.E.2d 1055 (2001).
[19] 196 Ill.2d at 340, 256 Ill.Dec. 813, 752 N.E.2d 1055.
[20] 196 Ill.2d at 341, 256 Ill.Dec. 813, 752 N.E.2d 1055.
[21] RCW 71.09.090(2) (1998).
[22] RCW 71.09.094(1) (1998).
[23] Thorell, 149 Wash.2d 724, 72 P.3d 708.
[24] Thorell, 149 Wash.2d at 748-49, 72 P.3d 708.
[25] State v. Phelan, 100 Wash.2d 508, 514, 671 P.2d 1212 (1983).
[26] Phelan, 100 Wash.2d at 512, 671 P.2d 1212.
[27] Thorell, 149 Wash.2d at 751, 72 P.3d 708.
[28] State v. Phelps, 113 Wash.App. 347, 354-55, 57 P.3d 624 (2002).