# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Detention of<br><br>DAVID JAMES LEWIS,<br><br><br>Appellant. | No. 79377-2-I<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND WITHDRAWING AND SUBSTITUTING OPINION |

The State has filed a motion for reconsideration of the opinion filed on December 21, 2020. The respondent, David Lewis, has filed a response to the motion. The court has determined that the motion should be granted, the opinion should be withdrawn, and a substitute unpublished opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted; and it is further

ORDERED that the opinion filed on December 21, 2020 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

_Appelwick, J._

_Andrus, A.C.J._

_Dwyer, J._

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| In the Matter of the Detention of | No. 79377-2-I |
| DAVID JAMES LEWIS, | DIVISION ONE |
| Appellant. | UNPUBLISHED OPINION |

APPELWICK, J. — Lewis, an adjudicated sexually violent predator, appeals from a verdict denying his conditional release. He argues the trial court erred in (1) granting the State judgment as a matter of law, (2) denying Lewis judgment as a matter of law, (3) excluding his housing declaration as hearsay, (4) changing the venue from Columbia County to Snohomish County, and (5) denying his motion to exclude the term "sexually violent predator" from use at trial. We reverse the CR 50 ruling, but affirm the jury verdict denying release.

## FACTS

David Lewis was sent to prison in 1992 after he pleaded guilty to two counts of child molestation. In May 2005, Lewis was adjudicated as a "sexually violent predator" (SVP) and involuntarily committed to the special commitment center. He has remained in an institution from that time forward.

Involuntarily committed SVPs may petition for release from commitment. RCW 71.09.090. Lewis petitioned for conditional release to a less restrictive alternative (LRA). RCW 71.09.090(2). An LRA is a "court-ordered treatment in a setting less

restrictive than total confinement which satisfies the conditions set forth in RCW 71.09.092." RCW 71.09.020(6). Those conditions include a specific treatment plan and a housing provider. RCW 71.09.092(1)-(5).

In January 2018, a show cause hearing was scheduled in Columbia County to consider Lewis's LRA plan. In March 2018 the court issued an order on show cause hearing[1] ordering a trial on the issue of Lewis's conditional LRA and a discovery order setting a conditional release trial date.

In July 2018, the State sought a change of venue to Snohomish County. Lewis objected. The court granted the motion and transferred venue to Snohomish County. Lewis filed a notice for discretionary review in the Court of Appeals. Lewis's motion for discretionary review was denied, finding the issue moot.

The case went to trial in Snohomish County Superior Court in October 2018. Evidence regarding Lewis's proposed housing was admitted without objection. A mistrial was declared due to juror misconduct.

Before the second trial, the parties agreed to retain prior rulings on motions in limine. This included a denial of Lewis's motion to exclude the term "sexually violent predator" on the basis that it is a statutorily created legal term.

In December 2018, the second trial began. The State moved to exclude portions of the LRA proposed by Lewis. It objected to the admission of housing provider Theodora Wright's declaration and any related testimony on hearsay

---

[1] The order on show cause states that it is based on the evidence presented at the January 10, 2018 hearing, but the court docket indicates that the hearing was stricken and the order was entered by stipulation.

grounds. Lewis's attorney argued for admissibility of the declaration on several grounds. The trial court ruled that the declaration and other testimony were inadmissible hearsay. It redacted the portions of the social worker's release plan declaration that were related to housing and excluded the housing provider's declaration. Because neither party called the housing provider as a witness, the trial court found that there was no direct evidence regarding the housing provider's available apartment or agreement to comply with statutory requirements.

At the conclusion of the evidentiary phase, both parties sought judgment as a matter of law. The State argued it was entitled to judgment as a matter of law under RCW 71.09.094(1), since Lewis had failed to establish his plan met statutory housing requirements. Lewis argued he was entitled to judgment as a matter of law under CR 50, as the State's failure to introduce the housing component of his plan made it impossible for the State to meet its evidentiary burden.

After the jury had returned a verdict in the State's favor, the trial court granted the State's motion and denied Lewis's motion. The trial court opined that although the issue might be moot, guidance from this court would be useful as "the law remains unclear."

Lewis timely appeals.

DISCUSSION

I. Motions for Judgment as a Matter of Law

CR 50(a)(1) authorizes a court to grant judgment as a matter of law where there is no legally sufficient evidentiary basis for a jury to find in favor of the

nonmoving party. "Granting a motion for judgment as a matter of law is appropriate when, viewing the evidence most favorable to the nonmoving party, the court can say, as a matter of law, there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party." Sing v. John L. Scott, Inc., 134 Wn. 2d 24, 29, 948 P.2d 816 (1997). We review a motion for judgment as a matter of law de novo. Lodis v. Corbis Holdings, Inc., 192 Wn. App. 30, 62, 366 P.3d 1246 (2015).

### A. The State's Motion

After portions of the proposed LRA plan Lewis submitted were stricken pretrial as hearsay, neither party called the housing provider as a witness. At the conclusion of the second trial, the State moved for judgment as a matter of law under RCW 71.09.094(1). The State argued Lewis had failed to establish that his plan satisfied the housing requirements in RCW 71.09.092(3). The trial court held, given the lack of sufficient evidentiary support, no reasonable jury could find the statutory condition had been met. As a result, the court found that "a strict reading of the statute requires judgment as a matter of law in the state's favor."

The order was granted after the jury returned a verdict denying conditional release. The trial court acknowledged the order might be moot, but noted in the order that guidance on this issue would be useful to practitioners. The State briefed the issue, arguing the order was correct. Prior to oral argument, the State withdrew its argument. The State's concession is well taken.

RCW 71.09.094(1) provides that upon the conclusion of the evidence in a hearing[2] held pursuant to RCW 71.09.090, "if the court finds that there is no legally sufficient evidentiary basis for a reasonable jury to find that the conditions set forth in RCW 71.09.092 have been met, the court shall grant a motion by the State for a judgment as a matter of law." At a conditional release trial, the State has the burden to prove beyond a reasonable doubt that conditional release to any proposed less restrictive alternative either: (i) is not in the best interest of the committed person; or (ii) does not include conditions that would adequately protect the community. RCW 71.09.090(3)(d). The State may not carry its burden by relying on the lack of evidence from the petitioner. In allowing the State to do so here the trial court effectively shifted the burden of proof. The motion was improperly granted.

We accordingly reverse the trial court's grant of the State's motion for judgment as a matter of law.

B. Lewis's Motion

Lewis argues he was entitled to judgment as a matter of law under CR 50 because the State failed to introduce the housing component of his plan. He contends that once his plan was deemed sufficient at a show cause hearing, the State was obligated to admit the entire plan. He argues, failing to do so made it

---

[2] RCW 71.09.090 thus uses the word "hearing" to refer to both the show cause hearing and the trial that results from it. It is this latter hearing—the trial—that is the subject of RCW 71.09.094(1).

impossible for the State to prove beyond a reasonable doubt his proposed LRA was statutorily insufficient.

The language of RCW 71.09.094(1) and RCW 71.09.092 does not expressly provide that the State must introduce the plan. Further, the jury is not specifically asked whether the plan satisfies 71.09.092. Rather, it is instructed under RCW 71.09.094(2) which provides,

> Whenever the issue of conditional release to a less restrictive alternative is submitted to the jury, the court shall instruct the jury to return a verdict in substantially the following form: Has the state proved beyond a reasonable doubt that either: (a) The proposed less restrictive alternative is not in the best interests of respondent; or (b) does not include conditions that would adequately protect the community? Answer: Yes or No.

To the extent the plan factors into the answer to these questions, the expert witnesses are free to offer opinions relative to that purpose. See ER 702, 703; In re Det. of P.K., 189 Wn. App. 317, 324-35, 358 P.3d 411 (2015) (holding the trial court properly admitted expert witness testimony relying upon inadmissible records as the basis of her opinion that his LRA should be revoked). Here, the majority of the LRA was entered into evidence. And, the State produced witnesses, such as Dr. Amy Phenix, who opined on whether the plan met the statutory requirements. So, it was possible for a jury to find the State met its burden without looking at the declaration.

And, the State did not argue before the jury at closing that Lewis's housing plan was insufficient. Instead, the State relied on evidence "indicative of [Lewis's] absolute lack of the ability to be transparent," rendering him more likely to fail to adhere to treatment in the community. Viewed in the light most favorable to the

6

State, there was sufficient evidence to sustain a verdict that the plan was not in Lewis's interest or was insufficient to protect the public.

We affirm the trial court's denial of Lewis's motion for judgment as a matter of law.

II. Exclusion of Portion of LRA on Hearsay Grounds

The declaration of Lewis's housing provider as well as related testimony referencing housing were excluded as inadmissible hearsay. The declaration from his housing provider was an out-of-court statement, but Lewis argues that the court erred in holding the declaration was offered to prove the truth of the matter asserted.

Out-of-court statements offered in court to prove the truth of the matter asserted are hearsay, which is generally not admissible unless an exception applies. ER 801(c), 802. The admission of evidence under a hearsay exception is reviewed for abuse of discretion. State v. Heutink, 12 Wn. App. 2d 336, 356, 458 P.3d 796, review denied, 195 Wn.2d 1027, 466 P.3d 775 (2020). However, whether or not a statement was hearsay is reviewed de novo. State v. Gonzalez-Gonzalez, 193 Wn. App. 683, 688-89, 370 P.3d 989 (2016).

Under RCW 71.09.092, "[b]efore the court may enter an order directing conditional release to a less restrictive alternative, it must find . . . housing exists in Washington that is sufficiently secure to protect the community, and the person or agency providing housing to the conditionally released person has agreed in writing to accept the person, to provide the level of security required by the court,

and immediately to report to the court, the prosecutor, the supervising community corrections officer, and the superintendent of the special commitment center if the person leaves the housing to which he or she has been assigned without authorization." The factual content of the housing declaration, not its existence, is relevant. If the housing provider's declaration was not offered to demonstrate the truth of the housing provider's assertions, then the trial court could not have made the necessary findings and the declaration served little purpose. The trial court correctly determined the out-of-court statement was being offered to prove the truth of the matter asserted.

A. No Applicable Hearsay Exception

Lewis argues the proposed plan is admissible as the subject of litigation, similar to a will or a contract, because jurors at a conditional release trial are directed to consider the proposed LRA under RCW 71.09.094(2). He relies on Stuart v. UNUM Life Insurance Co. of America, 217 F.3d 1145, 1154 (9th Cir. 2000), which concerned an insurance policy. But, the insurance policy was admitted under Federal Rules of Evidence 801(c) because it was excluded from the definition of hearsay as a statement affecting the legal rights of the parties, not as the subject of litigation. Id. Unlike the insurance policy in Stuart, the housing declaration in Lewis's LRA plan is not being offered to show that it has been signed by both parties. It is relevant only insofar as it demonstrates the truth of its assertions regarding whether his proposed housing satisfies statutory

requirements. The declaration is hearsay, and does not fall under any hearsay exception.

Next, Lewis argues the housing provider's declaration is not hearsay because statutory language requiring the plan to include the agreement in writing makes its existence an operative fact. RCW 71.09.092(3). Similarly, Lewis relies on United States v. Iverson, 818 F.3d 1015, 1020-21 (10th Cir. 2016), where statements in a Federal Deposit Insurance Corporation (FDIC) certificate and on the FDIC website were at issue, admissible not as operative facts but as public record. Further, it is not the mere existence of a housing declaration, but what it details that is relevant to a conditional release trial.

Unlike an insurance policy or administrative website, the excluded LRA documents do not fall under an express exception to the rule against hearsay.

B. LRA as Basis of Witness's Opinion

Lewis asserts the housing provider's declaration and related documents should have been admitted for the limited purpose of explaining the basis for Dr. Christopher Fisher's opinion. He argues expert witnesses' reliance on the documents rendered them admissible under ER 703.

Experts may rely on inadmissible facts if of the type reasonably relied on by experts in their field. Allen v. Asbestos Corp., 138 Wn. App. 564, 579, 157 P.3d 406 (2007). Both cases cited by Lewis address the ability of experts to testify about out-of-court statements, not the admittance of the underlying documents. In re Det. of Leck, 180 Wn. App. 492, 513, 334 P.3d 1109) (2014) (expert could refer to

hearsay); P.K., 189 Wn. App. at 324-35 (expert could testify about contents of medical records as the basis of her opinion, not as substantive evidence). However, neither case holds this use provides a basis to admit the underlying documents under ER 703.

### C. Due Process Violation

Lewis contends that under both the Fourteenth Amendment and the statutory scheme under RCW 71.09.094, the State bears the burden of proof in conditional release trials. Therefore, holding that the State can meet its burden by excluding the LRA plan as hearsay, impermissibly shifted the burden of production to Lewis to provide live testimony, in violation of his due process rights.

Here, Lewis relies on In re Detention of Turay, 139 Wn.2d 379, 423-24, 986 P.2d 790 (1999) (citing Foucha v. Louisiana, 504 U.S. 71, 86, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992)). In Turay, our Supreme Court affirmed the trial court's holding that the state bears the burden of proof at show cause hearings. Id. at 424. The court cited Foucha, concluding due process requires the State to bear the burden in civil commitment proceedings, which "buttress[es] the ruling of the trial court." Id. at 423-24. Thus, Lewis contends that the State must admit the plan. But, neither Foucha nor Turay held that the State had to introduce the LRA plan as part of due process. Nor did either case hold that a trial court must create an exception to the hearsay rule to admit such materials.

While the burden of proof at an LRA trial is upon the State, our Supreme Court has held that the statutory scheme assigning petitioners the burden of

producing a currently available housing plan does not unconstitutionally shift the burden away from the State. In re Det. of Skinner, 122 Wn. App. 620, 627-29, 94 P.3d 981 (2004). RCW 71.09.090(2)(b) expressly provides that a show cause hearing "may be conducted solely on the basis of affidavits or declarations." The housing declarations Lewis offered were properly admitted and considered at the show cause hearing. However, there is no similar exception provided for evidence submitted at conditional release trials.

We affirm the trial court's finding that the documents excluded at trial were inadmissible hearsay.

III. Change of Venue to Snohomish County

Third, Lewis asserts that the Columbia County Superior Court erred when it ordered a change of venue to Snohomish County.

This court reviews a trial court's ruling motion to transfer venue for abuse of discretion. Hickey v. City of Bellingham, 90 Wn. App. 711, 719, 953 P.2d 822. The court abuses its discretion where the exercise of discretion is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

RCW 4.12.030 authorizes the trial court to transfer venue on specific grounds, including where (1) the designated county is improper, (2) there is reason to believe an impartial trial cannot be held therein, or (3) the convenience of witnesses or ends of justice would be forwarded by such change. Lewis challenges these three statutory grounds for transfer.

Lewis argues Columbia County was the proper venue. It does not appear from the record that the trial court purported to grant transfer on grounds that Columbia County was not the proper venue under RCW 4.12.030(1). As such, this point is not dispositive.

Lewis also contends the court erred in transferring on RCW 4.12.030(2) grounds that there was reason to believe an impartial jury could not be empaneled. In granting the change of venue, the court relied in part on the affidavit of Prosecuting Attorney Rea Culwell. Culwell stated that in July cases, "many jurors are or will be working [the] wheat and pea harvest as their sole source of income and are readily excused by the judge." Lewis argues because the court struck the July trial date, there was no longer an issue empaneling jurors during the harvest season. But, the record supports difficulty empaneling an impartial jury outside of harvest season as well. For instance, many county residents knew about Lewis's underlying crimes. The trial court found that spending the resources "vetting a jury" would "prove unfruitful." The trial court did not abuse its discretion in granting a change of venue based on such a finding.

Finally, Lewis also addresses RCW 4.12.030(3). He contends the "ends of justice" did not support a change in venue. Further, he argues that the court was not justified in transferring on RCW 4.12.030(3) grounds of "convenience of witnesses" absent declarations of the witnesses or equivalent support.

Appellants must provide "argument in support of the issues presented for review, together with citations to legal authority and reference to relevant parts of

12

the record." RAP 10.3(a)(6). Lewis has provided no legal authority for such a specific evidentiary requirement. Here, the record indicates all witnesses would be travelling from western counties. It was within the discretion of the court to consider the traveling distances of various witnesses when considering a motion to transfer venue. Id. The record is sufficient for a court to have reasonably concluded moving the venue would further the convenience of witnesses.

We affirm the Columbia County Court's order transferring venue to Snohomish County.

IV. Inclusion of the Term "Sexually Violent Predator"

Finally, Lewis asserts the trial court erred in denying his motion in limine to exclude use of the term "sexually violent predator."

Parties disagree over the correct standard of review for this decision. Citing an unpublished case, Lewis argues this issue should be reviewed de novo "because it involves an issue of law."

The State cites State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995), which held that appellate courts review trial court rulings on motions in limine for abuse of discretion. The State also asserts that to the extent Lewis is challenging the jury instruction language that too is a matter of discretion. A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds, or for untenable reasons. In re Pers. Restraint of Duncan, 167 Wn.2d 398, 402, 219 P.3d 666 (2009).

13

It was reasonable for the court to conclude that the use of the term was appropriate because it was a statutorily created legal term. Reviewing de novo, the term is defined by RCW 71.09.020(18). This court has found the use of the word "victim" not to be a comment on the evidence. State v. Alger, 31 Wn. App 244, 249, 640 P.2d 44 (1982). Using the term "sexually violent predator" is arguably no different. Further, the court mitigated its potential prejudicial effect by informing the jury that the term is not a diagnostic term but a legal one.

We affirm the trial court's denial of Lewis's motion in limine to exclude the term "sexually violent predator."

We reverse the CR 50 ruling, but affirm the jury verdict denying release.

_Appelwick, J._

WE CONCUR:

_Andrus, A.C.J._

_Dwyer, J._

14